Abraham N. Geller, J.
This is a motion by defendants to vacate the “ Demand for Disclosure ” of a codefendant. Plaintiff has cross-moved for like relief. There are other cross motions to preclude and to stay an examination before trial.
There is no such thing as a “ Demand for Disclosure ’ The codefendant has served such a demand on the assumed basis of 3101 Civil Practice Law and Rules, which deals with the general principles of scope of disclosure to be applied when a disclosure device is used. A specific provision (CPLR 3101, subd. [e]) enables a party to obtain a copy of his own statement.
The only disclosure devices available are those set forth in subdivision (a) of 3102 Civil Practice Law and Rules. Copies or inspection of documents may be obtained in a variety of ways: discovery and inspection; upon the taking of a deposition when the witness refreshes his recollection from any document; in connection with the service of interrogatories (available only in certain actions).
This demand for disclosure cannot be treated as a notice for discovery and inspection, which is limited to “ specifically designated documents ” (CPLR 3120). This blanket demand for ‘ ‘ copies of statements, reports and documents received by defendants or their attorneys, representatives and agents relating in any manner to the issues involved in this action ’ ’ is wholly unauthorized.
The cross motion to preclude is granted to the extent of directing plaintiff to serve a bill in accordance with the demand within 10 days after service of notice of entry of this order and to the extent of directing defendants Ronray Realty Co., Inc., and Adams & Company Real Estate, Inc., to serve a bill in accordance with the demand within 60 days after service of notice of entry of this order. A codefendant may demand a bill as to a cross claim asserted against him; but, insofar as the items requested are based upon plaintiff’s claims, the time of defendant to comply shall be adjusted to permit his obtaining the particulars in the first instance from plaintiff.
■Stay of the examination before trial pending the furnishing of particulars is denied. That rule, generally applicable under *851 former rule XI of the Trial Term Buies of this court, which was rescinded when the Civil Practice Law and Buies went into effect, is not a controlling consideration under the Civil Practice Law and Buies, which contains other provisions governing the timing of examinations. To obtain such relief the adverse party would have to make some showing of hardship upon a motion for a protective order.
The motion and cross motion are accordingly denied except as herein indicated.